IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICHOLE ANN McGUIRE,

    Plaintiff,

v.                                                                                                           2:16-cv-00820-LF

NANCY A. BERRYHILL,[1]
Acting Commissioner of the
Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on plaintiff Nichole McGuire's Motion to Reverse and Remand for Rehearing with Supporting Memorandum (Doc. 21), which was fully briefed March 24, 2017. *See* Docs. 26, 27, 28. The parties consented to my entering final judgment in this case. Docs. 4, 8, 9. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") erred in finding Ms. McGuire's impairments not severe at step two. I therefore GRANT Ms. McGuire's motion and remand this case to the Commissioner for further proceedings consistent with this opinion.

I. **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports

---

[1] Nancy A. Berryhill, the new Acting Commissioner of Social Security, is automatically substituted for her predecessor, Acting Commissioner Carolyn W. Colvin, as the defendant in this suit. FED. R. CIV. P. 25(d).

[2] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481, as it is in this case.

the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted). The Court must meticulously review the entire record, but may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II.     **Applicable Law and Sequential Evaluation Process**

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

2

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity;" (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III. Procedural History

Ms. McGuire was born in 1982, has a bachelor's degree, and has past work experience as a restaurant assistant manager, call center employee, retail salesperson, and most recently as a substitute teacher. AR 207, 282, 387.[4] Ms. McGuire filed applications for supplemental security income and disability insurance benefits on March 25, 2014, alleging disability since March 1, 2013 due to anxiety, depression, and a "bad back." AR 200–12, 281. The Social Security Administration ("SSA") denied her claims initially on October 15, 2014. AR 139–43. The SSA denied her claims on reconsideration on February 18, 2015. AR 145–48. Ms. McGuire

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

[4] Documents 16-1 through 16-22 comprise the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

requested a hearing before an ALJ. AR 149. On February 10, 2016, ALJ Barry O'Melinn held a hearing. AR 38–68. The ALJ issued his unfavorable decision on March 4, 2016. AR 20–37.

The ALJ found that Ms. McGuire met the insured status requirements of the Social Security Act through September 30, 2015. AR 25. At step one, the ALJ found that Ms. McGuire had not engaged in substantial, gainful activity since March 1, 2013. *Id.* At step two, the ALJ found that Ms. McGuire had the following medically determinable impairments: "obesity, degenerative disc disease, and mental impairments variously diagnosed to include depression, anxiety, and bipolar disorder." *Id*. The ALJ found, however, that Ms. McGuire did not have a severe impairment or combination of impairments, and therefore was not disabled. AR 26–32. The ALJ did not complete any of the other steps in the sequential evaluation process beyond step two.

On April 25, 2016, Ms. McGuire requested that the Appeals Council review the ALJ's unfavorable decision. AR 14–16. On June 14, 2016, the Appeals Council denied the request for review. AR 1–6. Ms. McGuire timely filed her appeal to this Court on July 15, 2016. Doc. 1.[5]

## IV. Ms. McGuire's Claims

Ms. McGuire raises two arguments for reversing and remanding this case: (1) the ALJ erred in finding her impairments not severe; 2) the ALJ's credibility finding is contrary to the evidence and the law. Doc. 21 at 3, 14. In response to Ms. McGuire's first claim of error, the Commissioner argues that Ms. McGuire "had the burden of establishing that her mental impairments were severe, and did not meet that burden." Doc. 26 at 11. The Commissioner asserts that "[t]he ALJ's conclusion that [Ms. McGuire] did not have a severe impairment was supported by substantial evidence and free from harmful legal error." *Id*. at 16–17. Because I

---

[5] A claimant has 60 days to file an appeal. The 60 days begins running five days after the decision is mailed. 20 C.F.R. § 416.1481; *see also* AR 2.

agree that the ALJ erred in finding Ms. McGuire's impairments not severe at step two, I grant her motion to remand to give the ALJ an opportunity to remedy his error. I do not reach Ms. McGuire's other alleged error, which "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

V.   **Analysis**

At step two, the agency determines whether the claimant's alleged impairment or combination of impairments is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); 416.920(a)(4)(ii), (c). A claimant's impairment or combination of impairments is severe if it "significantly limits her ability to do basic work activities." *Fleetwood v. Barnhart*, 211 F. App'x 736, 739 (10th Cir. 2007) (internal citations omitted).

The SSA regulation that governs the determination of severity at step two is designed to screen out only those claimants with "impairments of a minimal nature which could never prevent a person from working." SSR 85-28[6] (S.S.A. 1985), 1985 WL 56856, at *2 (internal citation and quotation omitted). Step two is designed "to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability." *Bowen v. Yuckert*, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring). The inquiry at step two is a "de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Bowen*, 482 U.S. at 153–54). Given the purpose behind step two, "case law prescribes a very limited role for step two analysis." *Lee v. Barnhart*, 117 F. App'x 674, 676–77 (10th Cir. 2004) (unpublished).

---

[6] SSRs are binding on the SSA, and while they do not have the force of law, courts traditionally defer to SSRs because they constitute the agency's interpretation of its own regulations and foundational statutes. *See Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990); 20 C.F.R. § 402.35; *see also Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993) (SSRs entitled to deference).

5

The claimant has the burden of proof at step two to show that he or she has an impairment severe enough to interfere with the ability to work. *Bowen*, 482 U.S. at 146–54. Although the claimant "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), the burden at step two is a de minimis showing of impairment, *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) (internal citation omitted); *see also Lee*, 117 F. App'x at 677 ("a claimant need only make a 'de minimus' showing of impairment to move on to further steps in the analysis.").

The determination of whether an impairment is severe at step two "is based on medical factors alone, and does not include consideration of such vocational factors as age, education, and work experience." *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) (internal citation and quotation omitted). At step two, "medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities." SSR 85-28, 1985 WL 56856, at *4. Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b) (both effective March 5, 1985 through March 26, 2017). These "abilities and aptitudes" include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." SSR 85-28, 1985 WL 56856, at *3; *see also Langley*, 373 F.3d at 1123.

The ALJ must carefully evaluate the medical evidence to assess how the claimant's impairment or combination of impairments impacts her ability to do basic work activities. SSR 85-28, 1985 WL 56856, at *4. The ALJ may make a finding of non-severity at step two only when the medical evidence establishes a slight abnormality or a combination of slight

abnormalities which would not have more than a minimal effect on an individual's ability to work. *Hinkle*, 132 F.3d at 1352. SSR 85-28 requires that the evidence "clearly establish[]" that the impairment is not severe. The ruling reads, in pertinent part:

> A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are **not** medically severe, i.e., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities. If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process.

SSR 85-28, 1985 WL 56856, at *3 (emphasis added). "Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued." *Id*. at *4.

### A. The ALJ failed to apply the correct legal standard.

In this case, the ALJ failed to apply the correct legal standard. The Tenth Circuit has made it clear that a claimant must only make a "de minimis" showing of a severe impairment at step two—a "nondemanding standard." *Hawkins*, 113 F.3d at 1169. In addition, an ALJ may deny a claim at step two only if the medical evidence clearly establishes that a claimant's impairments "do not have more than a minimal effect on the [claimant's] physical or mental ability(ies) to perform basic work activities." SSR 85-28, 1985 WL 56856, at *3. "If . . . the claimant presents medical evidence and makes the de minimis showing of medical severity, the decision maker proceeds to step three." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). Here, the ALJ's decision fails to recognize the low level of Ms. McGuire's burden of proof at step two.

In his decision, the ALJ states that "[t]he conclusion that [Ms. McGuire] does not have a physical impairment or combination of physical impairments that significantly limits her ability to perform basic work activities is supported by the preponderance of the evidence of the record . . . ." AR 31. A conclusion that is supported by a "preponderance of the evidence in the record" is not equivalent to a conclusion that is "clearly established by medical evidence," as required under SSR 85-28. The ALJ's conclusion also does not demonstrate that Ms. McGuire failed to make a de minimis showing. *See* Black's Law Dictionary (10th ed. 2014) (defining "preponderance of the evidence" as "[t]he greater weight of the evidence," while defining "de minimis" as "trifling" or "negligible"). The ALJ's evaluation of Ms. McGuire's mental impairments is similarly defective. The ALJ's decision neither states, nor shows, that the medical evidence clearly establishes that Ms. McGuire's mental impairments are not severe.

The Commissioner, like the ALJ, ignores the fact that Ms. McGuire's burden of proof at step two is only to make a de minimis showing of a severe impairment, arguing that "[t]he fact that [Ms. McGuire] can identify evidence that could support a finding of severity is not enough." Doc. 26 at 16. While this Court must, indeed, affirm the ALJ's decision if it is supported by substantial evidence, SSR 85-28 requires the Court to "determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Ms. McGuire] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). Neither the ALJ nor the Commissioner accounts for the fact that claimant has only a de minimis burden of proof at step two, or for the fact that the ALJ can only find an impairment or combination of impairments "not severe" if this finding is "clearly established by medical evidence." *See Gosch v. Astrue*, No. CIV.A. 09-1349-JWL, 2011 WL 1899289, at *6 (D. Kan. May 19, 2011) (holding that because SSR 85-28 requires a finding of

nonseverity to be "clearly established by medical evidence," a denial at step two is inappropriate where the record evidence "might be amenable to more than one interpretation" or "the medical evidence is equivocal"). The Court therefore finds that the ALJ applied the wrong legal standard, and erred in denying Ms. McGuire's claim at step two. Remand is therefore required.

### B. Substantial evidence does not support the ALJ's finding of non-severity.

Even if the ALJ had applied the correct legal standard, which the Court does not find, substantial evidence does not support the ALJ's finding of non-severity. The ALJ found that the combination of Ms. McGuire's mental impairments "do not cause her more than a minimal physical or mental limitation in her ability to do basic work activities." AR 28. However, the ALJ failed to support this finding with substantial evidence. Although Ms. McGuire alleged both physical and mental impairments, the bulk of her brief focuses on alleged errors in the ALJ's consideration of her mental impairments, and the Court will do the same.

At step two, the ALJ is tasked with assessing a claimant's limitations from mental impairments using the "paragraph B" criteria of the mental disorders listings. SSR 96-8p (S.S.A. July 2, 1996), 1996 WL 374184, at *4; *see also* 20 C.F.R. §§ 20 CFR 404.1520a, 416.920a (both effective June 13, 2011 through Jan. 16, 2017); 20 C.F.R. pt. 404, subpt. P, app. 1. In a "paragraph B" analysis, the ALJ rates a claimant's degree of functional limitation in the areas of "activities of daily living; social functioning; [and] concentration, persistence, or pace," using a five point scale of "none, mild, moderate, marked, and extreme." 20 C.F.R. §§ 404.1520a(c)(3),(4); 416.920a(c)(3), (4) (both effective June 13, 2011 through Jan. 16, 2017). If the ALJ rates the claimant's degree of limitation in each of these categories as "none" or "mild," and finds the claimant has had no episodes of decompensation, the ALJ may conclude that the

mental impairment is not severe. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1) (both effective June 13, 2011 through Jan. 16, 2017).

In this case, the ALJ concluded that Ms. McGuire had no or only mild limitations in each category, had no episodes of decompensation of extended duration, and as a result concluded that her impairments were not severe. AR 31–32. However, the ALJ failed to discuss *any* medical evidence in his "paragraph B" analysis. *See id.* The ALJ's finding of not severe at step two is therefore not supported by substantial evidence. *See* SSR 85-28, at *4 ("medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities").

A more detailed assessment of the "paragraph B" criteria is normally completed at steps 4 and 5 of the sequential evaluation process. SSR 96-8p, 1996 WL 374184, at *4. In cutting off the analysis at step 2, however, the ALJ did not proceed to steps 4 and 5, where a full evaluation of Ms. McGuire's mental limitations should have been made. Moreover, although the ALJ discussed some of the mental limitations noted in the medical opinions, the ALJ's reasons for rejecting the opinions are not supported by substantial evidence, and are therefore insufficient. Because the mental limitations noted in the doctors' opinions would affect Ms. McGuire's ability to do basic work activities, the Court finds the ALJ erred in failing to discuss why he rejected the noted limitations. *See* 20 C.F.R. § 404.1521 (effective March 5, 1985 through March 26, 2017) (stating that an impairment is non-severe only if "it does not significantly limit [a claimant's] physical or mental ability to do basic work activities" or "aptitudes to do most jobs").

For example, on September 9, 2014, consultative psychological examiner Dr. Michael R. Pitts diagnosed Ms. McGuire with "persistent depressive disorder with intermittent [m]ajor [d]epressive episodes," generalized anxiety disorder (provisional), and an anxiety disorder. AR

477. He found that Ms. McGuire was moderately impaired in persistence "due to anxiety, moderately impaired due to anxiety, depression, and her perception of pain." *Id*. Dr. Pitts also found Ms. McGuire mildly to moderately impaired in her ability to adapt to changes on the job. *Id.* The ability the deal with changes in a routine work setting is a "basic work activity" necessary to do most jobs. SSR 85-28, 1985 WL 56856, at *3; 20 C.F.R. § 404.1521(b) (effective March 5, 1985 through March 27, 2017).

Two weeks later, on September 24, 2014, non-examining state agency psychologist Dr. Charles Bridges completed a "paragraph B" assessment and found Ms. McGuire had moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. AR 77. Dr. Bridges found Ms. McGuire's mental impairments to be severe, AR 77, and completed a Mental Residual Functional Capacity Assessment ("MRFCA"), in which he found Ms. McGuire had several moderate limitations which would limit her ability to do "basic work activities" necessary for most jobs. He found:

- Moderate limitation in the ability to maintain attention and concentration for extended periods;
- Moderate limitation in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances;
- Moderate limitation in the ability to sustain an ordinary routine without special supervision;
- Moderate limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods;
- Moderate limitation in the ability to respond appropriately to changes in the work setting;

AR 79–80, 94–95;[7] *see also* POMS DI 25020.010 (listing these as "mental abilities needed for any job").

---

[7] Dr. Bridges also found that Ms. McGuire had moderate limitations in her abilities to do the following: carry out detailed instructions, maintain socially appropriate behavior and adhere to

On January 8, 2015, Ms. McGuire saw Dr. Elaine Foster for a second psychological consultative exam. AR 485–90. Dr. Foster found that Ms. McGuire had "mild to moderate difficulties with regard to anxiety," but concluded that she was only "mildly limited in her ability to perform and sustain activities that would be required in a basic work environment." AR 490. Dr. Foster diagnosed Ms. McGuire with generalized anxiety disorder, persistent depressive disorder, other specified personality disorders, and low back pain. *Id*. Notably, Dr. Foster stated that "the course of [Ms. McGuire's] disease shows a waxing and waning profile with intermittent crisis." *Id*.

On July 16, 2015, non-examining state agency psychologist Jon Mourot, on reconsideration, completed a "paragraph B" assessment and found Ms. McGuire had moderate difficulties in maintaining concentration, persistence, or pace. AR 114. Dr. Mourot found Ms. McGuire's mental disorders to be severe, and completed a MRFCA in which he found that Ms. McGuire had several moderate limitations which would limit her ability to do "basic work activities" necessary for most jobs. He found:

- Moderate limitation in the ability to maintain attention and concentration for extended periods;
- Moderate limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods;
- Moderate limitation in the ability to respond appropriately to changes in the work setting.

AR 116–17;[8] *see also* POMS DI 25020.010 (listing these as "mental abilities needed for any job").

---

basic standards of neatness and cleanliness; be aware of normal hazards and take appropriate precautions; and set realistic goals or make plans independently of others. AR 79–81, 94–96.

[8] Dr. Mourot also found that Ms. McGuire had a moderate limitation in her ability to carry out detailed instructions. AR 116.

12

The ALJ failed to give adequate reasons for rejecting the numerous moderate limitations in the opinions of Drs. Pitts, Bridges, and Mourot. Despite SSR 85-28's requirement for the ALJ to "evaluat[e] the effects of the impairment(s) on a person's ability to do basic work activities" and to complete "an assessment of function," the ALJ failed to adequately evaluate and assess the numerous moderate limitations noted in these medical opinions. *See* SSR 85-28, 1985 WL 56856, at *4. The ALJ attempts to sweep these moderate limitations under the rug by claiming that "[t]hese opinions were rendered without the benefit of the testimony and additional evidence presented at the hearing." AR 29–30. The ALJ, however, provides no explanation of how the testimony and additional evidence specifically contradicts any of the noted moderate limitations in the doctors' opinions. Evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. *Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir. 1989) (internal citations and quotation omitted).

The ALJ's analysis of Dr. Pitts' opinion is similarly flawed. In assessing Dr. Pitts' opinion, the ALJ acknowledges that Dr. Pitts found Ms. McGuire's persistence to be moderately impaired and her ability to adapt to changes on the job to be mildly to moderately impaired. AR 30. The ALJ states that he gave "partial weight to Dr. Pitts's opinions because I find there is insufficient evidence that the claimant suffers more than mild limitation in her persistence and ability to adapt. However, there is substantial support for his other opinions." AR 30. The ALJ fails to explain why there is "insufficient evidence" to support a limitation in Ms. McGuire's ability to persist and adapt, or why there is "substantial support" for his other opinions. As Ms. McGuire points out, Dr. Pitts performed a Mental Status Examination, the results of which are clinical findings and therefore constitute medical evidence. Doc. 21 at 9; *see also* 20 C.F.R. § 404.1513(b)(2) (effective Sept. 3, 2013 through March 26, 2017). The Commissioner claims

that the ALJ was justified in giving partial weight to Dr. Pitts' opinions because of Ms. McGuire's performance on the mental status examination, and because she may have "misrepresented some of her symptoms to Dr. Pitts." Doc. 26 at 14. The ALJ did not offer these explanations, however, and they are, therefore, impermissible post-hoc rationalizations. "[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007); *see also Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir.2004) (holding that district court's "post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process"). In addition, both Dr. Bridges and Dr. Mourot opined that Ms. McGuire had a moderate limitation in her ability to adapt. AR 80, 116 (finding moderate limitation in ability to respond to changes in the workplace). Because the ALJ failed to explain how there was insufficient evidence to support these limitations, the ALJ's rejection of these limitations is not supported by substantial evidence. *See also Langley*, 373 F.3d at 1123 (holding that an ALJ's reasons for rejecting an opinion must be "sufficiently specific" to allow for meaningful judicial review).

The ALJ appears to have relied heavily on the assessment of Dr. Foster, who opined that Ms. McGuire was only "mildly limited in her ability to perform and sustain activities that would be required in a basic work environment." AR 490. The ALJ stated that she gave "great weight" to Dr. Foster's opinion because it was "supported by [the] examination and the medical evidence of record." AR 30. In claiming that the conclusions are supported by the "medical evidence of record," the ALJ apparently ignores the medical opinions of Drs. Bridges, Mourot, and Pitts—all of whom found numerous moderate limitations. The ALJ did not account for Dr. Pitts' diagnosis

of "intermittent major depressive episodes," AR 477, or Dr. Foster's assessment that Ms. McGuire's mental impairments "show[] a waxing and waning profile with intermittent crisis," AR 490. Ms. McGuire also testified that she has cycles of depression that interrupt her ability to work for up to one week a month. AR 54–55. Dr. Harold Alexander, who treated Ms. McGuire from 2012 to 2014, indicated that Ms. McGuire had cycling moods. AR 569. Because Ms. McGuire's mental impairments appear to change over time, the ALJ's reliance on Dr. Foster's assessment at a single point of time is insufficient. "The ALJ must evaluate '*all* relevant evidence to obtain a longitudinal picture of [the claimant's] overall degree of functional limitation.'" *Carpenter v. Astrue*, 537 F.3d 1264, 1269 (10th Cir. 2008) (quoting 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1)). The ALJ did not adequately consider Ms. McGuire's impairments over time.

The ALJ's finding that Ms. McGuire's mental impairments "do not cause her more than a minimal physical or mental limitation in her ability to do basic work activities" is not supported by substantial evidence. Remand is therefore required.

### VI. Conclusion

The ALJ failed to apply the correct legal standard at step two, and failed to support his step two findings with substantial evidence. The Court remands so that the ALJ can remedy these errors.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 21) is GRANTED.

IT IS FURTHER ORDERED that the Commissioner's final decision is REVERSED, and this case is REMANDED for further proceedings in accordance with this opinion.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent